# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDDIE JAMES THOMAS, JR.,

    Petitioner,

vs.

JAMES BENEDETTI, et al.,

    Respondents.

Case No. 3:09-CV-00455-HDM-(RAM)

**ORDER**

    Petitioner has submitted an amended petition (#11). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner must further amend the petition.

    Ground 1 is actually two separate claims. First, petitioner alleges that he did not receive adequate notice that the prosecution intended to seek adjudication of him as a habitual criminal. Second, he alleges that his counsel provided ineffective assistance by not objecting to the lack of adequate notice. The ineffective-assistance claim is distinct from the underlying claim and should be pleaded in a separate ground. See Kimmelmann v. Morrison, 477 U.S. 365, 373-74 & n.1 (1986).

    Also in ground 1, petitioner argues that Nev. Rev. Stat. § 34.810 is not an adequate and independent state-law reason for

denying relief. This argument is premature. Respondents would first need to move to dismiss ground 1 because of procedural default before this argument becomes relevant.

In ground 2, petitioner first alleges that the prosecution did not conduct a hearing fifteen days before sentencing on whether petitioner's prior convictions were obtained with the effective assistance of counsel. This allegation has two defects. First, the Constitution does not require a particular method of proving the existence of prior convictions that are used to support a finding of habitual criminality. Dretke v. Haley, 541 U.S. 386, 395-96 (2004). Second, the state statutes that petitioner cites do not support his allegations. The prosecution may charge petitioner with being a habitual criminal either in the criminal information or in a separate filing after conviction of the primary offense. If the prosecution chooses the latter method, then sentencing must occur no less than 15 days after the filing of habitual-criminal charges. Nev. Rev. Stat. § 207.016(2). If there is some question about the existence of the prior convictions, then the state district court must conduct a hearing on the matter, but nothing requires that hearing to be separate from, let alone fifteen days before, the sentencing hearing. See Nev. Rev. Stat. § 207.016(3). This part of ground 2 is without merit on its face, and amendment cannot cure the defect.[1]

---

[1] To the extent that petitioner is claiming that he did not receive adequate notice of the intent to seek habitual-criminal adjudication, ground 2 duplicates ground 1, and the court would dismiss it for being redundant.

-2-

1           Second, petitioner alleges that counsel provided
2  ineffective assistance because counsel did not raise the above-
3  discussed issue before petitioner was sentenced.  A petitioner
4  claiming ineffective assistance of counsel must demonstrate (1)
5  that the defense attorney's representation "fell below an objective
6  standard of reasonableness," Strickland v. Washington, 466 U.S.
7  668, 688 (1984), and (2) that the attorney's deficient performance
8  prejudiced the defendant such that "there is a reasonable
9  probability that, but for counsel's unprofessional errors, the
10 result of the proceeding would have been different," id. at 694.
11 "[T]here is no reason for a court deciding an ineffective
12 assistance claim to approach the inquiry in the same order or even
13 to address both components of the inquiry if the defendant makes an
14 insufficient showing on one."  Id. at 697.  Counsel did not perform
15 deficiently, because, as noted above, the statutes do not require
16 what petitioner alleges that they require.

17          As with ground 1, petitioner argues that Nev. Rev. Stat.
18 § 34.810 is not an adequate and independent state-law reason for
19 denying relief.  This argument is moot because the court is
20 dismissing ground 2 for lack of merit.

21          Ground 3 clarifies a vague allegation of how petitioner
22 was adjudicated to be a habitual criminal.  In the original
23 petition (#4), petitioner appeared to allege that the prosecution
24 was relying upon multiple counts from one prior judgment of
25 conviction to justify treatment of petitioner as a habitual
26 criminal.  Nev. Rev. Stat. § 207.010 does not allow prior judgments
27 of conviction to be used that way.  Rezin v. State, 596 P.2d 226,
28 227 (Nev. 1979).  Accord, Halbower v. State, 606 P.2d 536, 537

1  (Nev. 1980).  The court gave petitioner leave to amend to allege
2  what one prior judgment of conviction was used in this fashion.  In
3  ground 3 of the amended petition (#11), the claim has changed.
4  Petitioner was convicted of five counts of statutory sexual
5  seduction.  The trial court imposed the enhanced sentence for being
6  a habitual criminal on all counts, with some terms running
7  concurrently and some terms running consecutively.  Petitioner now
8  alleges that the trial court should have applied the enhanced
9  sentence as a habitual criminal to only one count of statutory
10 sexual seduction.  However, Nev. Rev. Stat. § 207.010 authorizes a
11 habitual-criminal sentence for each count.  Ground 3 is without
12 merit on its face.

13         Ground 4 contains multiple claims.  In paragraphs 1, 5,
14 and 7 through 15, Petitioner again alleges that the prosecution
15 violated Nev. Rev. Stat. § 50.090 when witnesses testified about
16 his prior sexual conduct.  The court already has explained to
17 petitioner once that § 50.090 prohibits him from inquiring into the
18 victim's prior sexual conduct, but the statute does not prohibit a
19 witness from testifying against petitioner about his prior sexual
20 conduct.  Petitioner needs to omit allegations concerning § 50.090
21 from his second amended complaint.

22         In paragraphs 7 through 15, petitioner also argues that
23 the prosecution violated a witness' privilege against self-
24 incrimination, guaranteed by the Fifth Amendment.  "A defendant has
25 no standing to argue that a witness' effort to exercise the
26 privilege against self-incrimination was in some way undermined."
27 United States v. Ceniceros, 427 F.2d 685, 689 (9th Cir. 1970)
28 (citing Bowman v. United States, 350 F.2d 913, 915 (9th Cir.

1965)). Petitioner needs to omit allegations concerning the privilege against self-incrimination from his second amended complaint.

In addition to correcting the defects noted above, Petitioner needs to re-allege his other grounds in the amended petition, or they will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Petitioner has submitted an application to proceed in forma pauperis (#13). The application is moot because petitioner has paid the filing fee.

Petitioner has submitted a motion for appointment of counsel (#14). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#13) is **DENIED** as moot.

IT IS FURTHER ORDERED that the motion for appointment of counsel (#14) is **DENIED**.

-5-

IT IS FURTHER ORDERED that grounds 2 and 3 of the amended petition (#11) are **DISMISSED.**

IT IS FURTHER ORDERED that the clerk of the court shall send Petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner shall have thirty (30) days from the date that this order is entered in which to file a second amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of grounds 1 and 4.

IT IS FURTHER ORDERED that petitioner shall clearly title the second amended petition as such by placing the phrase "SECOND AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:09-CV-00455-HDM-(RAM), above the phrase "SECOND AMENDED."

DATED: July 12, 2010.

_____
HOWARD D. MCKIBBEN
United States District Judge