1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                       **DISTRICT OF NEVADA**
8
9   EDDIE JAMES THOMAS, JR.,
10       Petitioner,                    Case No. 3:09-CV-00455-HDM-(RAM)
11  vs.                                 **ORDER**
12  JAMES BENEDETTI, et al.,
13       Respondents.
14
15          Petitioner has submitted a third amended petition (#21).
16  The court has reviewed it pursuant to Rule 4 of the Rules Governing
17  Section 2254 Cases in the United States District Courts.
18  Petitioner will need to file a fourth amended petition to correct
19  the defects.
20          Ground 1 is ostensibly a claim of ineffective assistance
21  of counsel.  A such, much of it is too vague to state a claim.
22  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th
23  Cir. 1984).  "[T]he right to counsel is the right to the effective
24  assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 &
25  n.14 (1970).  A petitioner claiming ineffective assistance of
26  counsel must demonstrate (1) that the defense attorney's
27  representation "fell below an objective standard of
28  reasonableness," Strickland v. Washington, 466 U.S. 668, 688

1   (1984), and (2) that the attorney's deficient performance

2   prejudiced the defendant such that "there is a reasonable

3   probability that, but for counsel's unprofessional errors, the

4   result of the proceeding would have been different," id. at 694.

5   "[T]here is no reason for a court deciding an ineffective

6   assistance claim to approach the inquiry in the same order or even

7   to address both components of the inquiry if the defendant makes an

8   insufficient showing on one."  Id. at 697.

9           Petitioner alleges around eleven instances of ineffective

10  assistance.  Petitioner claims that counsel did not file any

11  motions to suppress evidence or motions for discovery, but

12  petitioner does not allege what evidence should have been

13  suppressed or discovered.  Petitioner claims that the trial

14  transcript shows no evidence that the victim was investigated, such

15  as either a psychological examination or a SAINT examination,[1] but

16  petitioner does not allege whether these examinations were actually

17  conducted, nor whether the results of the examinations could have

18  been admitted into evidence.  Petitioner claims that counsel did

19  not seek jury instructions on a lesser-included offense, but

20  petitioner does not allege what that offense was.  Petitioner

21  claims that counsel never discussed plea negotiations with him, but

22  then petitioner alleges that counsel told him that the prosecution

23  would not negotiate; absent is any allegation that could show how

24  counsel could have done anything else.  Petitioner claims that

25  counsel should have put forth a defense to the charges, but

26  petitioner does not allege what that defense should have been.

27  _____

28         [1]Petitioner does not define that term.

                                -2-

1  Indeed, other than alleging that the victim's testimony of
2  virginity was not true and that counsel should have cross-examined
3  the victim about it, petitioner does not allege anywhere in the
4  petition what evidence counsel should have presented to the jury.

5       Petitioner goes beyond claims of ineffective assistance
6  of counsel in ground 1.  He also appears to claim that insufficient
7  evidence existed to support the jury's verdict.  The court has
8  explained to petitioner once before that claims of ineffective
9  assistance of counsel are distinct from underlying claims, and that
10 the two claims need to be pleaded in separate grounds.  <u>See</u>
11 <u>Kimmelmann v. Morrison</u>, 477 U.S. 365, 373-74 & n.1 (1986).

12      Petitioner will need to correct these defects in a fourth
13 amended petition.  Otherwise, the court will dismiss ground 1.  Not
14 all of the ground is defective, but petitioner has intertwined
15 acceptable claims of ineffective assistance with defective claims.
16 The court will not re-write ground 1 for petitioner, nor will the
17 court expect respondents to pick out individual sentences to
18 address.

19      Ground 2 contains multiple claims of ineffective
20 assistance of appellate counsel.  First, the prosecution had sought
21 to introduce evidence of petitioner's prior bad acts, and the trial
22 court agreed after conducting a hearing pursuant to <u>Petrocelli v.</u>
23 <u>State</u>, 692 P.2d 505 (Nev. 1985).  Petitioner appealed that
24 decision, and the Nevada Supreme Court affirmed.  Petitioner argues
25 that appellate counsel should not have raised the issue on appeal.
26 Petitioner has not alleged any facts that appellate counsel's
27 action caused him any prejudice.  If appellate counsel did not
28 appeal the district court's decision, nothing would have changed,

-3-

1  because the evidence of petitioner's prior bad acts still would

2  have been admitted.

3          Second, petitioner claims that appellate counsel should

4  have raised on appeal the issue that petitioner could have inquired

5  about the victim's sexual history because she testified at trial

6  that she was a virgin.  However, in ground 1 petitioner alleges

7  that his trial counsel never tried to present this evidence.  If

8  trial counsel did not try to introduce this evidence, then

9  appellate counsel could not have appealed a ruling that never

10 occurred, and appellate counsel neither performed deficiently nor

11 caused petitioner any prejudice.  Petitioner might be claiming that

12 appellate counsel should have argued on appeal that trial counsel

13 was ineffective, but in Nevada a claim of ineffective assistance of

14 counsel must be raised in a post-conviction petition, not on direct

15 appeal.  <u>Gibbons v. State</u>, 634 P.2d 1214 (Nev. 1981).

16         Third, when affirming the judgment of conviction, the

17 Nevada Supreme Court stated:

18             We note that the district court did not provide the jury
            with a limiting instruction prior to the introduction of
19          the [prior-bad-act] evidence, informing them that the
            evidence could not be considered to show criminal
20          predisposition but only for the limited purposes
            allowable under NRS 48.045(2), because defense counsel
21          objected to the State's proffered instruction and
            expressly requested, for tactical reasons, that the
22          district court <u>not</u> provide such an instruction at that
            time.  And Thomas does not allege on appeal that the jury
23          was not properly instructed prior to deliberations.

24 <u>Thomas v. State</u>, No. 49486 (Nev. Dec. 10, 2007) (attached to first

25 amended petition (#11) (footnote omitted).  Petitioner appears to

26 claim that appellate counsel should have raised on appeal the lack

27 of a limiting instruction.  Appellate counsel could not have

28 appealed a ruling that petitioner, through trial counsel,

                                    -4-

1   requested.  The effectiveness of trial counsel in requesting no
2   limiting instruction might be an issue, but appellate counsel could
3   not have raised that issue on direct appeal.  Gibbons v. State, 634
4   P.2d 1214 (Nev. 1981).  Petitioner has not alleged any facts that
5   could show deficient performance by counsel or prejudice.

6          Ground 3 has two claims of ineffective assistance of
7   trial counsel.  First, petitioner claims that trial counsel should
8   not have requested that the jury not be given a limiting
9   instruction before the introduction of the prior-bad-act evidence.
10  This part of ground 3 is acceptable.  Second, petitioner cursorily
11  alleges, "Counsel's failure to protect, preserve, and appeal all
12  viable issues as federal claims violated petitioner's right to due
13  process and effective assistance of counsel . . . ."  This claim is
14  too vague because petitioner does not allege what those issues are.
15  Petitioner will need to correct that defect in the amended
16  complaint.

17         Petitioner has filed another motion for appointment of
18  counsel (#22), and respondents have filed an opposition (#24).
19  Nothing in the motion causes the court to depart from its denials
20  of petitioner's earlier motions for appointment of counsel.
21  However, of note is this allegation in paragraph 4, page 2:

22              [Petitioner] has been recently informed that this second
                amended petition (#18) still contains mixed claims and
23              the same defects which the court has ordered corrected.
                Thus, in order to comply with Court's Order (#17),
24              Petitioner is now filing a "Third Amended" Petition along
                with this Motion for Appointment of Counsel to correct
25              the deficiencies stated in Document #17.

26  Petitioner does not allege who told him that the second amended
27  petition (#18) was defective, but it was not the court.  To the
28  contrary, the court found that the second amended petition (#18)

1   was acceptable and directed respondents to file a response to it.

2   Order (#19).  Petitioner's third amended petition (#21) superseded

3   the second amended petition (#18), stopped respondents from filing

4   a response, and, as noted above, is filled with defects.

5          IT IS THEREFORE ORDERED that petitioner's motion for

6   appointment of counsel (#22) is **DENIED**.

7          IT IS FURTHER ORDERED that the clerk of the court shall

8   send Petitioner a petition for a writ of habeas corpus pursuant to

9   28 U.S.C. § 2254 form with instructions.  Petitioner shall have

10  thirty (30) days from the date that this order is entered in which

11  to file a fourth amended petition to correct the noted

12  deficiencies.  Failure to comply with this order will result in the

13  dismissal of grounds 1, 2, and part of 3.

14         IT IS FURTHER ORDERED that petitioner shall clearly title

15  the fourth amended petition as such by placing the phrase "FOURTH

16  AMENDED" immediately above "Petition for a Writ of Habeas Corpus

17  Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and

18  petitioner shall place the docket number, 3:09-CV-00455-HDM-(RAM),

19  above the phrase "FOURTH AMENDED."

20         DATED: January 6, 2011.

21

22         _____

23         HOWARD D. MCKIBBEN
           United States District Judge

24

25

26

27

28

-6-