**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDDIE JAMES THOMAS, JR.,

    Petitioner,

vs.

JAMES BENEDETTI, et al.,

    Respondents.

Case No. 3:09-CV-00455-HDM-(WGC)

**ORDER**

    Before the court are the fourth amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#27), respondents' motion to dismiss and exhibits (#32), and petitioner's response (#34). The court finds that four of petitioner's five grounds for relief have not been exhausted in state court, and the court finds that the remaining ground for relief is procedurally defaulted. The court grants the motion (#32) and dismisses the action.

    In the Eighth Judicial District Court of the State of Nevada, petitioner was charged with five counts of statutory sexual seduction, all upon the same victim. Ex. 1. Before trial, the prosecution moved to admit evidence of other crimes: An arrest report from Texas, in which the victim in the current case said that she and petitioner had sexual intercourse, and a 1995 conviction in the Eighth Judicial District Court for sexual assault

1  upon a different victim.  Ex. 2.  The trial court held an
2  evidentiary hearing and granted the motion.  Ex. 4, 5.  The
3  admission of this evidence is the basis of at least three of the
4  five grounds in the fourth amended petition (#27).  Petitioner went
5  to trial, and he was found guilty and convicted of all five counts.
6  Ex. 18.  Petitioner appealed, and the Nevada Supreme Court
7  affirmed.  Ex. 24.

8  While his direct appeal was pending, petitioner filed a habeas
9  corpus petition in the state district court.  Ex. 20.  After the
10 Nevada Supreme Court affirmed the judgment of conviction,
11 petitioner filed another habeas corpus petition.  Ex. 26.  The
12 state district court denied the petition.  Ex. 28, 29.  Petitioner
13 appealed, and the Nevada Supreme Court affirmed.  Ex. 31.
14 Petitioner then commenced this action.

15 Respondents contend that all five grounds of the fourth
16 amended petition (#27) are unexhausted.  With respect to ground 2,
17 respondents argue in the alternative that it is procedurally
18 defaulted.  Because the court agrees with the alternative argument,
19 the court will address the grounds out of numerical order.

20 Before a federal court may consider a petition for a writ of
21 habeas corpus, the petitioner must exhaust the remedies available
22 in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for
23 relief, a petitioner must fairly present that ground to the state's
24 highest court, describing the operative facts and legal theory, and
25 give that court the opportunity to address and resolve the ground.
26 See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam);
27 Anderson v. Harless, 459 U.S. 4, 6 (1982).

28

1    "[A] petitioner for habeas corpus relief under 28 U.S.C. §
2  2254 exhausts available state remedies only if he characterized the
3  claims he raised in state proceedings <u>specifically</u> as federal
4  claims.  In short, the petitioner must have either referenced
5  specific provisions of the federal constitution or statutes or
6  cited to federal case law."  <u>Lyons v. Crawford</u>, 232 F.3d 666, 670
7  (9th Cir. 2000) (emphasis in original), <u>amended</u>, 247 F.3d 904 (9th
8  Cir. 2001).  Citation to state case law that applies federal
9  constitutional principles will also suffice.  <u>Peterson v. Lampert</u>,
10 319 F.3d 1153, 1158 (9th Cir. 2003) (<u>en banc</u>).  "The mere
11 similarity between a claim of state and federal error is
12 insufficient to establish exhaustion.  Moreover, general appeals to
13 broad constitutional principles, such as due process, equal
14 protection, and the right to a fair trial, are insufficient to
15 establish exhaustion."  <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th
16 Cir. 1999) (citations omitted).

17    Ground 1 is a claim that the 5th and 6th Amendments were
18 violated because the trial court did not give the jury a limiting
19 instruction before the introduction of evidence of other crimes.[1]
20 Petitioner admits that he did not raise this issue either on direct
21 appeal or in his state-court habeas corpus petitions.  Fourth
22 Amended Petition (#27), p. 4.  On direct appeal, petitioner's sole
23 issue was that state law, Nev. Rev. Stat. § 48.045, was violated in
24 admitting evidence of other crimes; petitioner did not raise as an

---

27    [1]The trial court gave the limiting instruction to the jury
28 after the close of evidence, along with the other instructions.
   Ex. 12, Instruction 10.

-3-

1  issue the timing of the limiting instruction.  The Nevada Supreme
2  Court even noted:

> We note that the district court did not provide the jury with a limiting instruction prior to the introduction of the evidence, informing them that the evidence could not be considered to show criminal predisposition but only for the limited purposes allowable under NRS 48.045(2), because defense counsel objected to the State's proffered instruction and expressly requested, for tactical reasons, that the district court <u>not</u> provide such an instruction at that time. And Thomas does not allege on appeal that the jury was not properly instructed prior to deliberations.

9  Ex. 24, pp. 2-3 (#32) (emphasis in original; footnote omitted).
10 <u>See also</u> Ex. 10, pp. 109-10 (#32) (discussion at trial about
11 proffered instruction).  Ground 1 is not exhausted.

12       Ground 3 is a claim that the 6th and 14th Amendments were
13 violated because of error by the trial court or misconduct of the
14 prosecutor in allowing perjured statements by the victim the Texas
15 arrest report to be admitted into evidence.  Respondents correctly
16 note that petitioner did not raise this claim on direct appeal or
17 in his state habeas corpus petition.  <u>See</u> Ex. 22, 26 (#32).  Ground
18 3 is unexhausted.

19       Ground 4 is a claim that the 5th and 6th Amendments were
20 violated because the trial court did not accept a proposed jury
21 instruction on "whether or not to believe a witness."  <u>See</u> Ex. 13.
22 Respondents correctly note that petitioner did not raise this claim
23 on direct appeal or in his state habeas corpus petition.  <u>See</u> Ex.
24 22, 26 (#32).  Ground 4 is unexhausted.

25       Ground 5 is a claim that the 5th and 6th Amendments were
26 violated because of error by the trial court or misconduct by the
27 prosecutor in admitting perjured testimony of the victim that was
28 inconsistent with her prior statements to a North Las Vegas police

officer. Respondents correctly note that petitioner did not raise this claim on direct appeal or in his state habeas corpus petition. See Ex. 22, 26 (#32). Ground 5 is unexhausted.

Petitioner does not dispute respondents' arguments. Instead, he argues that his state-court habeas corpus petition was defective or improper because he prepared it while he was not in possession of the trial transcripts. This argument does not persuade the court that petitioner has exhausted his grounds for relief. If anything, it is an argument that the state-law bars against untimely and successive petitions should be waived, should petitioner return to state court.[2]

Ground 2 is a claim that the 5th and 6th Amendments were violated because the trial court admitted evidence of other crimes. On direct appeal, petitioner's sole issue was that state law, Nev. Rev. Stat. § 48.045, was violated in admitting evidence of other crimes. See Ex. 22, pp. 5-12 (#32). Petitioner did not refer to any provision of federal law. The Nevada Supreme Court addressed the issue solely as a question of state law. See Ex. 24, pp. 1-2. Consequently, petitioner did not exhaust this issue on direct appeal. See Lyons, 232 F.3d at 670. In the second habeas corpus petition that petitioner filed in state court, he alleged:

> 7. Petitioner was denied due process and the right to present a defense to criminal charges when the trial judge allowed State's Motion: Admit Evidence of Other Crimes, admissible evidence proffered by the defense to not allow a Evidentiary hearing.
>
> 8. The prosecutor violated by holding a illegal Evidentiary Hearing for [the victim]. Sufficient proof of the prior

---

[2]This court makes no prediction whether the state courts would accept the argument.

-5-

1
2
3
>offense, including admissions by the petitioner. Courts cannot hold Evidentiary Hearing base on non-conviction testimonies.  Was not Trial or convicted of Texas crime, therefore cannot use or bring in Texas cases.  Hear argument on Judgement of Conviction. . . .

Ex. 26, pp. 3-4 (#32).  Although these allegations are difficult to understand, by construing them very liberally the court assumes that petitioner is raising the same issue of federal law that he raises in ground 2.  The response to the state petition treated the allegations as such, and the response argued that allegations were barred by Nev. Rev. Stat. § 34.810 because petitioner should have raised them on direct appeal.  Ex. 27, pp. 3-4.  Petitioner presented his issues of federal law to the state courts fairly enough to be recognized, and ground 2 is exhausted.

The court still cannot consider ground 2 on its merits because it is procedurally defaulted.  On appeal from the denial of the state habeas corpus petition, the Nevada Supreme Court held:

> To the extent that appellant raised any claims independently from his claim of ineffective assistance of counsel, those claims were waived as they could have been raised on direct appeal, and appellant failed to demonstrate good cause for his failure to do so.  NRS 34.810(1)(b).

Ex. 31, p. 2 n.1 (#32).

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

-6-

1  demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
2
3  Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).
4  The ground for dismissal upon which the Nevada Supreme Court relied
5  in this case is an adequate and independent state rule. Vang v.
6  Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003).
7  Petitioner does not argue that cause and prejudice exist to
8  excuse this procedural default. Consequently, the court will not
9  consider cause or prejudice. Casey v. Moore, 386 F.3d 896, 921 n.
10 27 (9th Cir. 2004). The court dismisses ground 2 as procedurally
11 defaulted.
12 With the dismissal of ground 2, the rest of the fourth amended
13 petition (#27) is wholly unexhausted, and the court will dismiss
14 this action. The court makes no finding about the timeliness or
15 procedural default of a subsequent petition pursuant to 28 U.S.C.
16 § 2254.
17 Reasonable jurists would not find the court's conclusions to
18 be debatable or wrong, and the court will not issue a certificate
19 of appealability.
20 IT IS THEREFORE ORDERED that respondents' motion to dismiss
21 (#32) is **GRANTED**. Ground 2 is **DISMISSED** with prejudice as
22 procedurally defaulted. This action is **DISMISSED** without prejudice
23 for petitioner's failure to exhaust his available remedies in the
24 state courts. The clerk of the court shall enter judgment
25 accordingly.
26 ///
27 ///
28 ///

1    IT IS FURTHER ORDERED that a certificate of appealability is
2 **DENIED.**
3    DATED: December 15, 2011.

```
                              _____
                              HOWARD D. MCKIBBEN
                              United States District Judge
```